I,SUSAN M. CHEHARDY, Judge.
This is an appeal from a divorce judgment rendered on the wife’s petition under La. C.C. Art. 102. The husband appeals; he contests not the granting of the divorce, but rather the basis for the divorce. We affirm.
The parties were judicially separated by judgment of February 18, 1982. They took no further action toward divorce until this proceeding was initiated by Christine Rochelle on July 6, 1999.[1] Mrs. Rochelle’s petition sought divorce under La. C.C. Art. 102, which authorizes divorce “upon proof that one hundred eighty days have elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously for at least one hundred eighty days prior to the filing of the rule to show cause.”
IsOn September 24, 1999 Wendell Rochelle filed his own petition for divorce, predicated on the judgment of separation, pursuant to La. R .S. 9:383.
In conformity with the requirements of La. C.C. Art. 102, on February 29, 2000 Mrs. Rochelle filed a motion for judgment of divorce, asserting that 180 days had elapsed from the filing of her petition for divorce. She also filed a petition for partition of the community property, alleging that Mr. Rochelle has collected over $200,000.00 in pension benefits from the Teachers’ Retirement System of Louisiana and that she is entitled, to a portion of those proceeds.
On June 20, 2000 the trial court rendered judgment granting Christine Rochelle a divorce from Wendell Rochelle, but reserving the issues of fault, spousal support, and community property. Wendell Rochelle appeals the judgment of divorce.
On appeal Mr. Rochelle makes the following assignments of error:
1. The trial court erroneously failed to address the Petition for Divorce under LSA-R.S. 9:383 despite having set the same for hearing at the same time as the Article 102 divorce on May 30, 2000.
2. The trial court erroneously failed to allow testimony pertinent to the is *1164 sues involving the LSA-R.S. 9:388 divorce and granted the divorce under Article 102.
Mr. Rochelle contends that the trial court’s consideration of the Article 102 divorce to the exclusion of the R.S. 9:383 divorce is contrary to the legislative intent espoused in the enactment of R.S. 9:381-387.
The underlying reason Mr. Rochelle contests the granting of the divorce based on Article 102 is his fear that it may affect his pension rights by altering the date on which the community of acquets and gains was terminated. It is his 14position that the community of acquets and gains between the parties ended on March 22, 1976, the date the petition for separation from bed and board was filed, because the 1982 judgment of separation was retroactive to the date of filing of the petition.
Apparently Mr. Rochelle believes that the granting of his petition for divorce under La. R.S. 9:383, based on the judgment of separation rendered in 1982, would reinforce his claim that the community was terminated in 1976, but that the divorce under Art. 102 would result in a ruling that the community continued until the 1999 filing of Mrs. Rochelle’s petition for divorce.
He asserts there is a dispute as to the issue of reconciliation following the 1982 separation judgment and that there has been no judicial determination regarding the same. He contends that a ruling that the community continued until 1999 would be “catastrophic” because theoretically he would owe Mrs. Rochelle one-half of everything he owns, including a one-half interest in the additional 21 years’ worth of pension contributions, as well as in other funds and property he has acquired since 1976.
In her brief, Mrs. Rochelle admits she has raised the issue of reconciliation (and, thus, abrogation of the effects of the judgment of separation). She argues, however, that the time limit within which Mr. Rochelle could have obtained an divorce based on the judgment of separation has expired, that the only basis for divorce in Louisiana now is La. C.C. art. 102, and that the trial court correctly granted her petition for divorce based thereon.
As noted above, the parties’ separation judgment was rendered in 1982. Since then the Civil Code provisions concerning divorce were revised, amended Land re-enacted by Acts 1990, No. 1009, § 7, effective January 1, 1991. Act No. 1009 eliminated the action for separation from bed and board, providing only for an action for divorce. Act. No. 1009 included transitional provisions concerning actions for separation and divorce pending on that date, specifically La. R.S. 9:381 through 9:384.
La. R.S. 9:382 provided in pertinent part, “A judgment of separation from bed and board or divorce rendered before January 1, 1991, ... shall have the same effect that it had prior to January 1, 1991. These effects include, but are not limited to: (1) Spouses who are judicially separated shall retain that status until either reconciliation or divorce.” [2]
La. R.S. 9:383 states in Paragraph A, “Any person who is judicially separated before January 1,1991, may obtain a judgment of divorce if there has been no reconciliation between the spouses for a period of six months or more from the date the judgment of separation from bed and board was signed.” In Paragraph B, however, the statute provides, “This Section shall be effective until January 1, 1992, and thereafter spouses who are judicially separated shall be governed by the provisions of this Act in obtaining a judgment of divorce.”
Plainly, after January 1, 1992 judicially-separated spouses could no longer obtain divorces based on their judgment of sepa *1165 ration. The only grounds existing for divorce after January 1, 1992, are those set out in La. C.C. Articles 102 and 103. The trial court yvas correct, therefore, in granting the divorce based on Mrs. Rochelle’s petition, because she presented proof of the grounds required by Article 102. (See Note 1, supra.)
|fiThe issues of when the community of acquets and gains was terminated, whether it was reinstated, what property remains part of it, and partition thereof were reserved in the divorce judgment and are not before us on this appeal.
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the appellant.

AFFIRMED.

. Mr. Rochelle asserts that the attorney who represented him at the time sent him a copy of the separation judgment with a cover letter that described it as a “divorce judgment," so he thought they were divorced.

. Acts 1997, No. 1078, § 3 rewrote this section to change ''1991” to "1998” alter revision of the spousal support laws.